UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| ALLTEL COMMUNICATIONS, LLC, | ) ) ) | CIV. 10-5011-JLV |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| vs. | ) ) | |
| OGLALA SIOUX TRIBE, | ) ) | |
| Defendant. | ) | |

Plaintiff filed a complaint (Docket 1) alleging that defendant, Oglala Sioux Tribe, is in breach of an arbitration provision contained in the Tate Woglaka Service Agreement (the "Agreement") between the Oglala Sioux Tribe and Western Wireless Corporation (Docket 1-2). The complaint seeks injunctive relief to prohibit the defendant from conducting further proceedings in an action filed in Oglala Sioux Tribal Court ("tribal court") captioned "Oglala Sioux Tribal Court, Petitioners, v. Alltel Communications, LLC, and Verizon Wireless, LLC, Respondents" Civ. #09-0673. A temporary restraining order (TRO) was sought to enjoin defendant from bringing on a hearing at 1 p.m. on Thursday, February 18, 2010, pursuant to a tribal court petition for preliminary injunction notice of hearing (Docket 1-4) scheduled before Tribal Judge Patrick Lee, or his designee. Plaintiff filed its

1

motion for a TRO and preliminary injunction with its complaint on February 17, 2010. (Docket 4).

The court issued its order (Docket 10) setting a hearing at 10 a.m. CST on February 18, 2010, on plaintiff's motion for a TRO. The court further ordered plaintiff to serve on counsel for defendant notice of the TRO hearing along with all documents filed by plaintiff in the action.

Attending the hearing by video conference or telephonic conference were plaintiff's attorneys, Patrick F. Philbin, Talbot Wieczorek, and Donald Knudsen, and defendant's attorneys, Mario Gonzalez and Lisa Adams. During the course of the hearing defendant's counsel advised the court that the tribal court hearing set for 1 p.m. that day was being canceled because of inclement weather and that another hearing would be scheduled the following next week. Defendant's counsel stated on the record and assured the court that the sole purpose of the tribal court hearing was to determine whether the tribal court had jurisdiction to entertain the tribe's preliminary injunction request filed with the tribal court on October 21, 2009. Counsel for defendant Oglala Sioux Tribe confirmed on the record that the tribe would not ask the tribal court to enter an injunction or take other action adverse to plaintiff Alltel Communications or other respondents.

Having considered the arguments of counsel and having issued a decision supported by findings of fact and conclusions of law orally on the record, the court now makes the following written findings of fact:

1. Under paragraph 17(B) of the Agreement the parties specifically agreed to binding arbitration on "all disputes, claims, and controversies between them . . . arising from this Agreement, . . . including, without limitation, contract disputes and tort claims . . . ." (Docket 1-2, p. 15).

2. Paragraph 17(B) of the Agreement further provided the "arbitration provision shall not limit the right of either Party during any dispute, claim or controversy to seek, use, and employ ancillary, or preliminary rights and/or remedies (collectively, the "Ancillary Remedies"), judicial or otherwise, for the purposes of realizing upon, preserving, protecting, foreclosing upon or proceeding under forcible entry and detainer for possession of, any real or personal property, and any such action shall not be deemed an election of remedies. Such Ancillary Remedies include, without limitation, obtaining injunctive relief or a temporary restraining order . . . ." Id. at p. 16.

3. Paragraph 17(B) also provided that the "OGLALA SIOUX TRIBE further waives and agrees not to assert any doctrine requiring exhaustion of tribal court remedies prior to proceeding with arbitration, self-help

remedies, foreclosure, and provisional and Ancillary Remedies pursuant to this Agreement . . . ." Id. (capitalization in original).

4. That plaintiff has been providing telecommunication services to the Pine Ridge Indian Reservation under the Agreement since at least 2005.

5. The court accepts the in-court representations of defendant's counsel that in tribal proceeding Civ. #09-0673, the defendant intends to give plaintiff not less than seven (7) days advance notice of the next tribal court proceeding and the sole purpose of that proceeding will be to address whether the tribal court has jurisdiction to consider the petition for preliminary injunction filed by defendant in tribal court on October 21, 2009.

6. There is no urgency justifying the issuance of a TRO under Fed. R. Civ. P. 65(b) because the tribal court hearing scheduled for 1 p.m. MST on February 18, 2010, was canceled. Plaintiff has not met its burden of proof of immediate and irreparable injury for the issuance of a TRO under the current state of the record before the court.

Based upon the submissions and arguments of counsel and upon the foregoing findings of fact, the court now makes the following written conclusions of law:

1. Having considered Fed. R. Civ. P. 65, Bruce H. Lien Co. v. Three Affiliated Tribes, 93 F.3d 1412 (8th Cir. 1996), and Gaming World

International, Ltd., v. White Earth Band of Chippewa Indians, 317 F.3d 840 (8th Cir. 2003), plaintiff's complaint properly establishes federal jurisdiction pursuant to 28 U.S.C. § 1331 and proper venue based on 9 U.S.C. § 4 and 28 U.S.C. § 1391(a).

    2. That plaintiff has failed to prove, for purposes of a temporary restraining order, that it will suffer immediate and irreparable injury.

    3. That under the guidance of Lien and Gaming World, the court recognizes comity and honors the right of the Oglala Sioux Tribal Court, in the first instance, to determine whether it has jurisdiction to consider the defendant tribe's petition for preliminary injunction in tribal court action Civ. #09-0673.

    4. The court shall retain jurisdiction over these proceedings and will schedule a hearing on plaintiff's motion for a preliminary injunction.

    Now therefore, it is hereby

    ORDERED that plaintiff's motion for a temporary restraining order (Docket 4) is denied.

    IT IS FURTHER ORDERED that this court shall retain jurisdiction over these proceedings but stay any further action for a period of twenty-one (21) days to allow the Oglala Sioux Tribal Court to determine, in the first instance, whether it has jurisdiction to considered the defendant tribe's petition for preliminary injunction in tribal court action Civ. #09-0673, with

the proviso that this court will consider lifting the stay if it is satisfied that undue delays are causing irreparable harm to either party through the tribal court exhaustion process.

Dated March 1, 2010, *nunc pro tunc* February 18, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE